JUDGE WOOD

07 CIV 8511

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BILL LIETZKE, | ) | CASE NUMBER |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| V, | ) | 2:07 cv943 -WKW |
| | ) | |
| | ) | |
| COUNTY OF MONTGOMERY, ET AL, ABC, | ) | FELONY FALSE IMPRISONMENT |
| REESE MCKINNEY, D. T. MARSHALL, | | FIRST DEGREE KIDNAPPING |
| DEF, a sheriff's officer employed | ) | HARASSMENT |
| by the Alabama County of | | |
| Montgomery responsible for the | ) | |
| incidents referred to in the | | |
| Complaint, whether singular or | ) | |
| plural that person, firm, entity, | | |
| or corporation who or which by | ) | |
| tort or other wrongful conduct is | | |
| legally liable to the Plaintiff | ) | |
| for the injuries and damages he | | |
| sustained on the occasion made | ) | |
| the basis of this Complaint, all | | |
| of whose true names and legal | ) | |
| descriptions are unknown to the | | |
| Plaintiff, | ) | |
| | | |
| DEFENDANTS. | ) | |

RECEIVED
AUG 17 2007
PRO SE OFFICE

COMPLAINT

STATEMENT OF THE FACTS

1.  Jurisdiction founded on the existence of a federal question
and amount in controversy.

2.  The action arises out of the Constitution of the United States,
Article III, Section II, as hereinafter more fully appears.

3.  The amount in controversy exceeds, exclusive of interests and
costs, the sum of $1,000,000,000/00

4.  On August 2, 1999, by and through its agent sheriff's officers, County of Montgomery Defendants entered San Souci Apartments, 547 South Perry Street, proceeded to the second floor of San Souci Apartments 547 South Perry Street and approached the Plaintiff in the corridor on the second floor.  County of Montgomery Defendants alleged, "Bill Lietzke?" When the Plaintiff acknowledged that he's Bill Lietzke, County of Montgomery Defendants seized the Plaintiff, abducted the Plaintiff, and carried the Plaintiff from 547 South Perry Street to Jackson Hospital, 1725 Pine Street, Montgomery, Alabama where the Plaintiff was incarcerated in a restrictive environment and could not leave.

5.  When County of Montgomery Defendants arrived at Jackson Hospital, 1725 Pine Street, Montgomery, Alabama with the Plaintiff, County of Montgomery Defendants and unidentified adult male hospital personnels forced the Plaintiff into a wheelchair and County of Montgomery Defendants shoved the Plaintiff in the wheelchair into Jackson Hospital, 1725 Pine Street where the Plaintiff remained for seven days.

6.  On August 9, 1999, County of Montgomery Defendants returned to Jackson Hospital, 1725 Pine Street, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff from Jackson Hospital 1725 Pine Street to the probate court of Montgomery County, 100 South Lawrence Street, Montgomery, Alabama.  Present in the probate court of Montgomery County were approximately 4 sheriff's officers, a Montgomery lawyer known as Saxon Main, a Montgomery psychiatrist known as Margaret Bok, an unidentified probate court lawyer, and a probate court judge known as Reese McKinney.  Reese Mckinney stated that it was ordered the Plaintiff be removed to the "Alabama Department of Mental Health."  County of Montgomery Defendants seized the Plaintiff in shackles and chains and carried the Plaintiff back to Jackson Hospital, 1725 Pine Street where the Plaintiff was incarcerated in a restrictive environment and could not leave.

7. On August 11, 1999, County of Montgomery Defendants returned to Jackson Hospital, 1725 Pine Street, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff from Jackson Hospital, 1725 Pine Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was imprisoned in a restrictive environment and could not leave.

8. In the intervening 78 days following the Plaintiff's kidnapping and false imprisonment, the Plaintiff was subjected to inappropriate medications and improper medical care. An unidentified adult black woman photographed and fingerprinted the Plaintiff without the Plaintiff's permission, and the Plaintiff was forced to sign documents inside Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama. Unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood. A hospital security guard, an unidentified adult black male, carried the Plaintiff to another Montgomery, Alabama location where unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood, and carried the Plaintiff back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road.

9. On October 19, Greil Memorial Psychiatric Hospital,    2140 Upper Wetumpka Road, discharged and released the Plaintiff through Montgomery psychiatrist Roy Pasker.

10. On December 19, 2002, by and through its agent sheriff's officers County of Montgomery Defendants entered the private parking lot of Regions Mortgage, Inc., 555 South Perry Street in a brown marked van, entered San Souci Apartments, 547 South Perry Street, proceeded upstairs to the second floor to the Plaintiff's house apartment 10 and knocked on the Plaintiff's door. When the Plaintiff answered his door, County of Montgomery Defendants seized the Plaintiff, placed shackles and chains

around the Plaintiff's arms and legs, and carried the Plaintiff from 547 South Perry Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was incarcerated in a restrictive environment and could not leave.

11.    In the intervening 18 days following the Plaintiff's kidnapping and false imprisonment, the Plaintiff was subjected to inappropriate medications and improper medical care.  An unidentified adult black woman photographed and fingerprinted the Plaintiff without the Plaintiff's permission, and the Plaintiff was forced to sign documents inside Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama.  Unidentified adult males punctured the Plaintiff with large hyperdermic needles withdrawing the Plaintiff's blood.  A hospital security guard, an unidentified adult male, carried the Plaintiff from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, to another Montgomery, Alabama location where the Plaintiff was subjected to X-ray tests without the Plaintiff's permission, and carried the Plaintiff back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road.

12.    On December 23, 2002, County of Montgomery Defendants returned Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, placed shackles and chains around the Plaintiff's arms and legs, and carried the Plaintiff to the probate court of Montgomery County, 100 South Lawrence Street, Montgomery, Alabama.  Present in the probate court of Montgomery County were approximately 4 sheriff's officers, a Montgomery lawyer known as Sylvester Smith, an unidentified probate court lawyer, and an unidentified probate court judge.  This probate court judge stated that it was ordered the Plaintiff be removed to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road.  County of Montgomery Defendants seized the Plaintiff in shackles and chains and carried the Plaintiff back to Geil Memorial Psychiatric Hospital, 2140 Upper

Wetumpka Road.

13. On January 6, 2003, Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, discharged and released the Plaintiff through Montgomery psychiatrist Roy Pasker providing that the Plaintiff report every 4 weeks to the Montgomery Area Mental Health Authority, 101 Coliseum Boulrvard, Montgomery, Alabama as a conditiion of the Plaintiff's discharge.

## FIRST DEGREE KIDNAPPING

14. The Plaintiff incorporates by reference paragraphs 1 through 13 of the Complaint as though fully set out herein.

15. The Plaintiff avers that County of Montgomery Defendants forcibly, or by any other means of installing fear, stole, took, held, detained, and arrested the Plaintiff and carried the Plaintiff into another country, into another state, into another county, or into another part of the same county and are therefore guilty of first degree kidnapping.

16. The Plaintiff avers that County of Montgomery Defendants abducted the Plaintiff intentionally and unlawfully and without authority of law.

17. The Plaintiff avers that County of Montgomery Defendants are therefore guilty of first degree kidnapping if the Plaintiff was then intentionally and unlawfully confined.

## HARASSMENT

18. The Plaintiff incorporates by reference paragraphs 1 through 17 of the Complaint as though fully set out herein.

19. The Plaintiff avers that County of Montgomery Defendants, with the intent to harass, struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to unlawful physical contacts, unlawful detentions, and unlawful searches and seizures in violation of the Plaintiff's Fourth Amendment rights of the United States Constitution.

## FELONY FALSE IMPRISONMENT

20. The Plaintiff incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set out herein.

21. The Plaintiff avers that County of Montgomery Defendants excercised force by which the Plaintiff was deprived of liberty and freedom of movement and was compelled to remain where the Plaintiff didn't wish to remain, and was compelled to go where the Plaintiff didn't wish to go, within meaning of crime of false imprisonment.

22. The Plaintiff avers that County of Montgomery Defendants excercised force by which in fact the Plaintiff was deprived of his liberty and was compelled to remain where the Plaintiff didn't wish to remain, and was compelled to go where the Plaintiff didn't wish to go.

23. The Plaintiff avers that County of Montgomery Defendants intentionally confined the Plaintiff without lawful privilege and against the Plaintiff's consentwithin a limited area for extended periods of time

24. The Plaintiff avers that County of Montgomery Defendants confined the Plaintiff intentionally without lawful privilege and against the Plaintiff's consent within a limited area for any appreciable time.

25. The Plaintiff avers that County of Montgomery Defendants, with general criminal intent, committed the act of felony false imprisonment, the natural probable and foreseeable consequences of which was the nonconsentual confinement of the Plaintiff.

26. As a proximate consequence of the Defendants' actions, the Plaintiff suffered deprivation of freedom of movement, deprivation of liberty, and immense mental anguish.

WHEREFORE, the Plaintiff is demanding that judgment is entered against County of Montgomery Defendants, who aren't statutorily immunized separately and severally, for $7,000,000,000.00 and for the following:

1.   Compensatory Damages, including interests, filing fees, reasonable attorney's fees, and all other costs, in the amount of $7,000,000,000.00

2.   The Court assesses a fine against County of Montgomery Defendants for $80,000,000.00

3.   The Court orders that County of Montgomery Defendants serve not less than 10 years in a maximum security state prison in the State of

4.   County of Montgomery Defendants must relinquish all documents, all records, all photographs, and any other written materials from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama pertaining to the Plaintiff and pertaining to the information provided in this civil action to the custody of the United States District Court IMMEDIATELY. Defendants must relinquish to the Court all original records and documents pertaining to the Plaintiff.  No copies will be accepted.

DATED this 18th day of June, 2007