IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILL LIETZKE,            ) | |
| )| |
| Plaintiff,    ) | |
| ) | CASE NO. 2:07-cv-943-WKW |
| v.               ) | |
| ) | |
| COUNTY OF MONTGOMERY, *et al.*   ) | |
| ) | |
| Defendants.   ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, filed February 14, 2008). By Order filed this same day, the Magistrate Judge granted permission for this *pro se* plaintiff, Bill Lietzke, to proceed *in forma pauperis*, but stayed further proceedings on his Complaint filed October 2, 2007 because it is evident the Complaint suffers from insurmountable deficiencies which warrant dismissal. It is the recommendation of the Magistrate Judge to dismiss the action with prejudice, without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I. PARTIES

Plaintiff, Bill Lietzke ("Lietzke" or "Plaintiff"), is a resident of Montgomery, Alabama, within the Middle District of Alabama.

Reese McKinney ("Judge McKinney") is a probate judge in Montgomery County, Alabama. D.T. Marshall ("Sheriff Marshall") is the Chief Law Enforcement Officer in Montgomery County, Alabama. Though Lietske specifically names Defendants McKinney and Marshall in the style of the case, he generally makes his allegations against "County of Montgomery Defendants." Based on this and the style of the case, the Court concludes Montgomery County, Alabama is also listed as a defendant ("the County").

## II. COMPLAINT AND TRANSFER FROM U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

On October 2, 2007, in the Southern District of New York, Plaintiff filed a Complaint - neither sworn nor notarized - asserting a civil rights action under 42 U.S.C. § 1983 for damages and miscellaneous relief. *See* Doc. 2, Complaint. On October 2, 2007, United States District Judge Kimba M. Wood entered an Memorandum Opinion and Order transferring the action to the Middle District of Alabama. *See* Docs. 3-4, Order and Notification of Transfer.

Liberally construing his complaint, Lietzke alleges in this 42 U.S.C. § 1983 action the Defendants violated his constitutional rights by subjecting him to excessive force, unlawful searches and seizures, unlawful arrest, and unlawful detentions. *See* Doc. 2 at p. 2-5. He also asserts claims for a number of state law torts, including false imprisonment and harassment, as well as "first degree kidnapping" and "felony false imprisonment." *Id.* at p. 6-7.

Specifically, Plaintiff alleges in August 1999, he was taken into custody when sheriff deputies for Defendants seized him from his home and took him to Jackson Hospital in Montgomery, Alabama where he was prohibited from leaving. *Id*. at p. 2. While at the hospital, Lietzke claims Defendants forced and shoved him into a wheelchair. *Id.* On August 9, 1999, Judge McKinney held a probate hearing and ordered Lietzke be removed to the "Alabama Department of Mental Health." *Id.* Lietzke claims Defendants seized him "in shackles and chains" and returned him to Jackson Hospital, where he could not leave. *Id*. On August 11, 1999, Lietzke claims Defendants transferred him to Greil Memorial Psychiatric Hospital in Montgomery, Alabama where he was restricted for seventy-eight days. *Id.* at p. 3. Lietske avers he was subjected to inappropriate medications and improper medical care. *Id*. Finally, on October 19, 1999, psychiatrist Roy Pasker released Lietzke from Greil Memorial Psychiatric Hospital. *Id*.

On December 19, 2002, Lietzke alleges Defendants again took him into custody and returned him to the Greil Memorial Psychiatric Hospital for eighteen days. See Doc. 2 at p. 3-4. He was subjected to photographing, fingerprinting, and various medical procedures. *Id*. at p. 4. On December 23, 2002, during another probate hearing, an unidentified judge ordered Lietzke to remain at the Greil Memorial Psychiatric Hospital. *Id*. at p. 4-5. Dr. Pasker released Lietzke on January 6, 2003 provided he report every four weeks to the Montgomery Area Mental Health Authority. *Id*. at p. 5.

Lietske alleges the above actions by the Defendants violated his civil rights by intentionally and unlawfully detaining and imprisoning him. *See* Doc. 2 at p. 5-6. He further

alleges the County of Montgomery Defendants struck, shoved, kicked or otherwise touched him and subjected him to unlawful physical contacts. *Id*. at p. 5. Lietske requests as relief: (1) $7,000,000,000.00 as compensatory damages, (2) a fine against Defendants for $80,000,000.00, (3) an order that Defendants serve not less than ten (10) years in a maximum security state prison, and (4) the relinquishment of all documents, records, photographs, and any other written materials from Greil Memorial Psychiatric Hospital to Plaintiff. *Id*. at p. 6-7.

### III.  DISCUSSION

**A.    Dismissal under 28 U.S.C. § 1915 for Claims Barred by Statute of Limitations**

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d

1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Lietske satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the court is of the view, the complaint should be dismissed pursuant to § 1915(e)(2)(B)(i) - (iii).

**A.    *Res Judicata***

The complaint at bar is identical to a complaint filed by Lietske which was dismissed by this Honorable Court. *See Lietske v. County of Montgomery, Alabama, et al.*, Civ. Act. No. 2:07-cv-814-MHT (M.D. Ala. 2007). In light of the mirror image complaints, Lietske's claims are barred by *res judicata*. *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d

1498, 1501 (11th Cir. 1990)). The Eleventh Circuit summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. ... In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11thCir. 1986) (internal citations omitted); *see also Ragsdale*, 193 F.3d at 1238 (stating four elements). For a claim to be barred by *res judicata* (claim preclusion) it must meet all four of these elements. Since the complaint is virtually identical, it is clear all four elements have been established. First, the Court unequivocally entered a final judgment on the merits by dismissing the previous action. Second, the Court had jurisdiction to enter judgment on the claims under 28 U.S.C. § 1331. Third, Lietzke clearly brought suit against the same parties, alleging the same claims which arise from the same facts In sum, the complaints mirror each other and were even signed on the same date, but were simply filed in different districts. Thus elements three and four are met. Consequently, Lietske's claims are barred by *res judicata* and due dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Hawley v. Bd. of Regents of the Univ. Sys. of Ga.*, 203 Fed. Appx. 997, 997 (11th Cir. 2006) (affirming district court's dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as they were barred by *res judicata*); *see also McWilliams v. State of Colo.*, 121 F.3d 573, 574-75 (10th Cir. 1997) (holding repetitious

litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by *res judicata* legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    Statute of Limitations**

Alternatively,[2] Lietske's complaint must also be dismissed as it is barred by the statute of limitations. Clearly, Lietske alleges the violations took place more than two years prior to the filing of the instant complaint. As such, the claims run afoul the statute of limitations. While there is no express statute of limitations in the Civil Rights Act, federal courts must look to state law to determine what statute of limitations is applicable and whether that limitations period is tolled. *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994) (citing *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985)). Under Alabama law, the most analogous limitations period for personal injury actions is the Alabama general two year statute of limitations for personal injury actions. Ala. Code § 6-2-38; *see Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Dukes*, 32 F.3d at 537 (§1983 subject to Alabama's general two year statute of limitations for personal injury claims); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (citing *Owens*); *Burt v. Martin*, 193 Fed. Appx. 829, 830 (11th Cir.

---

[2] Sections B through F are provided as alternative reasons as to dismissal of Lietske's claims under 28 U.S.C. § 1915(e)(2)(B).

2006) (citing *Owens* and stating appropriate statute of limitations is two years).

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1983, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438, 439-40 (5th Cir. 1990) (dismissal with prejudice civil rights complaint filed *in forma pauperis* and pursuant to § 1983 when barred by two year statute of limitations). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Clark*, 915 F.2d at 640. Further, in analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of a defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

On its face, the complaint alleges violations between 1999 and 2003. Plaintiff filed the instant complaint in 2007, four to eight years later. Accordingly, the complaint is barred by the two year statute of limitations and, therefore, subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640.[3]

---

[3] Although *Clark* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

**C.    Dismissal of Judge McKinney under 28 U.S.C. § 1915(e)(2)(B)(ii) for Absolute Judicial Immunity**

Further, Judge McKinney is entitled to absolute immunity from suit under 42 U.S.C. § 1983. *See Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). The Court should not question whether civil incarceration was appropriate, but rather whether civil incarceration is a judicial activity. *Id.* at 1071. It is clear Judge McKinney's actions in the probate proceeding relating to the civil commitment of Lietske are judicial acts. As one acting in his judicial capacity, Judge McKinney is entitled to judicial immunity. *Id.* As such, Lietske's claims are due dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Dismissal of Sheriff Marshall under 28 U.S.C. § 1915(e)(2)(B)(ii) for Eleventh Amendment Immunity**

Lietske lists Sheriff Marshall as a defendant in the style of the case, but never asserts any specific complaints against him. Thus, it appears Plaintiff only brings his claims against Sheriff Marshall in his official capacity. As such, Sheriff Marshall is protected from suit by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." *See also Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing 11th Amendment). Specifically, an unconsenting state is immune

from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Id.* (citations omitted). Congress has not abrogated 11th Amendment immunity in § 1983 cases, nor has Alabama waived its immunity. *Id.* (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990)). State officials "acting in their official capacities" are outside the class of "persons" subject to liability under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S.Ct. 358, 360-61, 116 L.Ed.2d 301 (1991) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)); *see also Carr*, 916 F.2d at 1525 n.3 (citing *Will*); *Toth*, 953 F. Supp. at 1507 (citing *Hafner* and *Will*).

A sheriff clearly qualifies as a state officer. *See Carr*, 916 F.2d at 1525; *see also Toth*, 953 F. Supp. at 1506 (citing *Carr*). As such, he would be immune from any suit against him in his official capacity since he is not a "person" subject to liability under § 1983. *Id.* In light of the foregoing, Plaintiff's claims against Sheriff Marshall are also due dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Civil State Law Claims Against the County**

Further, to the extent Lietske may assert state law claims against the County, such claims are due dismissal. If the federal claims over which the Court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002). In the alternative to dismissing the claims under *res judicata*, the Court may decline supplemental jurisdiction over any state law claims.

F.  **"Criminal Kidnapping" and "Felony False Imprisonment"**

Lietske's criminal "first degree kidnapping" and "felony false imprisonment" claims would fail as a matter of law. *See* Doc. 2 at p. 5-6. The Court interprets these claims as a request for criminal prosecution and sanctions. However, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n. 13, 125 S.Ct. 2796, 2809, 162 L.Ed.2d 658 (2005) (quoting *Linda R. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1981); *see also Davit v. Davit*, 173 Fed. Appx. 515 (7th Cir. 2006) (unpublished opinion) ( "A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual [herself]."). Thus, the claims are without legal merit and warrant dismissal.

## IV. PRIVILEGE OF FILING AN *IN FORMA PAUPERIS* ACTION IN FEDERAL COURT

Since April 13, 2007, Lietzke has filed six (6) separate lawsuits in this court pursuant to 28 U.S.C. § 1915. Previously, the Court observed:

> Lietzke repeatedly files meritless Complaints in this Court. Over the last ten months, Lietzke has filed four complaints, including the instant Complaint. This Court dismissed his three prior complaints under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. While the Court recognizes that Lietzke is a *pro se* litigant, the Court is concerned that Lietzke's repeated filings constitute an abuse of process, which could warrant sanctions.

*See Lietske v. County of Montgomery, Alabama, et al.*, Civ. Act. No. 2:07-cv-814-MHT (M.D. Ala. 2007), Docs. 5 at p. 5; *see also* Doc. 6 (adopting the Report and Recommendation).

Apparently undeterred by the notice provided regarding the limited jurisdiction of federal courts, the glaring deficiencies of his lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Lietzke filed this and one other action in October of 2007.[4]

Lietzke is advised, as this court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

This court also deems it appropriate now to advise Lietzke that pro se litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

---

[4] *See Lietzke v. City of Montgomery, et al.*, Civil Action No. 2:07-cv-932-WKW. This case is still pending.

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as the claims are barred by *res judicata*.

(2) Alternatively, all the federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint was not filed within the time prescribed by the applicable period of limitations.

(3) Alternatively, claims against Judge McKinney be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he is entitled to absolute judicial immunity.

(4) Alternatively, claims against Sheriff Marshall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he is entitled to immunity from suit under the Eleventh Amendment and is not a "person" subject to liability under 42 U.S.C. § 1983.

(5) Alternatively, the criminal claims of "first degree kidnapping" and "felony false imprisonment" be dismissed as a private individual does not have an enforceable right to institute a criminal prosecution.

(6) Alternatively, the Court decline supplemental jurisdiction and dismiss the remaining state law claims.

(7) The case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **February 28, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of February, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE